FOSTER & HAUER, PLC
5110 N. 44th St., Ste. 200L
Phoenix, AZ 85018
(602) 343-1492 (Office)
(480) 365-0949 (Facsimile)
jon@fosterhauer.com

Jonathan E. Hauer, State Bar #023928
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Corinne Ricca, a married woman,<br><br>Plaintiff,<br><br>vs.<br><br>McFadden/Gavender Advertising, Inc., an Arizona corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

## NATURE OF THE CASE

1.  Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at §207(a).

2.  For at least three (3) years prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

3. For at least three (3) years prior to the filing of this action, Plaintiff worked at least fifteen (15) hours in excess of forty (40) hours per week and was not paid time and a half.

4. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of misclassifying certain employees as exempt employees.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

6. This action arises under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). The jurisdiction of the Court over this matter is founded upon 28 U.S.C. §§ 1331 and 1337, as well as pursuant to the FLSA under 29 U.S.C. § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391, because Defendant is headquartered in Arizona and because a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Pima County, Arizona.

10. At all times material hereto, McFadden/Gavender Advertising, Inc. was incorporated in the State of Arizona and has its principal place of business at 2951 N. Swan Rd., Suite 185, Tucson, AZ 85712.

11. At all relevant times, Plaintiff was an "employee" of McFadden/Gavender Advertising, Inc. as defined by 29 U.S.C. §203(e)(1).

12. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to McFadden/Gavender Advertising, Inc.

13. At all relevant times, McFadden/Gavender Advertising, Inc., was and continues to be an employer as defined in 29 U.S.C. § 203(d).

14. At all times material to this action, McFadden/Gavender Advertising, Inc., was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

15. Upon information and belief, at all relevant times, the annual gross revenue of McFadden/Gavender Advertising, Inc., exceeded $500,000.00.

## FACTUAL BACKGROUND

16. McFadden/Gavender Advertising, Inc., located in Arizona, hired Plaintiff to work as a Copy Editor in January 2010.

17. Defendant misclassified Plaintiff as an exempt employee.

18. Plaintiff's primary duties were limited to reviewing materials prepared by copywriters, graphic designers, and clients, and making any necessary corrections for structure, grammar, comprehension, spelling, clarity, accuracy, and brand compliance. Though she was, on rare occasions, asked to offer opinions on existing designs, the ultimate decisions were left to the graphic artists, the art director, and Defendant's owners.

19. During her tenure with Defendant, Plaintiff's annual compensation rose from $32,500 to $36,500.

20. Plaintiff was a non-exempt employee.

21. Plaintiff was not a manager.

22. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

23. Plaintiff had no control over job duties and responsibilities and did what she was instructed to do by Defendant.

24. Plaintiff's work hours were dictated by the projects that Defendant required her to complete in a week.

25. Plaintiff's duties were an integral part of Defendant's operation.

26. Plaintiff had no independent business organization or operation.

27. Plaintiff made no investment in facilities.

28. The Department of Labor's Wage and Hour Division Opinion Letter FLSA2006-45, attached as Exhibit A, found that senior copy editors with more managerial responsibilities and whose positions involved greater discretion than Plaintiff did not meet the Fair Labor Standards Act's administrative exemption.

29. From January 2010 and continuing until Plaintiff separated from Defendant in May 2012, Defendant failed to properly compensate Plaintiff for any of her overtime hours. During this time, Plaintiff was required to work an average of 55 hours per week for fear of losing her job.

30. Upon information and belief, McFadden/Gavender Advertising, Inc. has not kept any records of its employees hours worked.

31. McFadden/Gavender Advertising, Inc.'s failure and/or refusal to properly

compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

32. McFadden/Gavender Advertising, Inc. refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

33. Plaintiff has retained the law firm of Foster & Hauer, PLC, to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT

34. Plaintiff incorporates and adopts paragraphs 1 through 32 above as if fully set forth herein.

35. While employed at Defendant McFadden/Gavender Advertising, Inc., Plaintiff consistently and regularly worked at least 15 hours of overtime per week.

36. McFadden/Gavender Advertising, Inc. has intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

37. McFadden/Gavender Advertising, Inc., further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

38. As a result of McFadden/Gavender Advertising, Inc.'s violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

39. Under 20 U.S.C. §216 Defendant is liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

40. In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

41. McFadden/Gavender Advertising, Inc.'s actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

42. McFadden/Gavender Advertising, Inc., has not made a good faith effort to comply with the FLSA.

43. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work at Defendant McFadden/Gavender Advertising, Inc.;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

  g. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## **DECLATORY JUDGMENT**

44. Plaintiff incorporates and adopts paragraphs 1 through 41 above as if fully set forth herein.

45. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending.

46. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

47. Plaintiff may obtain declaratory relief.

48. Defendant employed Plaintiff.

49. Defendant is an enterprise covered by the FLSA.

50. Plaintiff was individually covered by the FLSA.

51. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

52. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

53. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

54. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the

FLSA.

55. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA
  b. For Plaintiff's costs incurred in this action.
  c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);
  d. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  May 29, 2013					Respectfully submitted,

						**FOSTER & HAUER, PLC**


						    /s/ Jonathan Hauer
						Jonathan Hauer
						Attorney for Plaintiff